# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GERALD JEROME HENDERSON,
        *Defendant-Appellant.*

No. 01-4959

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-95-184)

Submitted: June 26, 2002

Decided: July 24, 2002

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

John R. McGhee, Jr., KAY, CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa A. Green, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gerald Jerome Henderson appeals his convictions following trial by jury on two counts of possessing cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, he assigns several claims of error. Having reviewed the record, we will address each in turn.

Henderson first claims that the district court abused its discretion in denying his motion to sever counts one and two of the indictment pursuant to Fed. R. Crim. P. 14. Because counts one and two of the indictment were joined based on their similar nature, Henderson was required to demonstrate prejudice in order to formulate grounds for severance under Rule 14. *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). On appeal, Henderson claims that the jury may have used evidence relating to each count to bootstrap the other. However, this argument was not presented to the district court. Accordingly, it is not properly before this court and cannot form grounds for relief absent exceptional circumstances not present here. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

Henderson next claims that the district court erred when it refused to exclude the testimony of a police officer whose prior taped testimony in a state proceeding had been destroyed by a state court clerk's office. Where a defendant seeks to exclude testimony on the basis of the government's failure to preserve potentially exculpatory evidence, he is required to show bad faith on the part of the government. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Henderson acknowledges that the federal government had nothing to do with the inadvertent destruction of the tape. Accordingly, there is no evidence of bad faith, and this claim, too, must fail.

Henderson next claims that the court erred in denying his motion to suppress. Any effort to suppress evidence must be rooted in a reasonable expectation of privacy. *See, e.g.*, *Katz v. United States*, 389 U.S. 347, 353 (1967). It is undisputed that in the instant matter Henderson abandoned the questioned evidence by dropping it to the ground. Such abandonment eliminated any expectation of privacy

Henderson maintained in the contraband. *See California v. Hodari D.*, 499 U.S. 621, 629 (1991). Accordingly, this claim must be denied.

Henderson next claims that the court abused its discretion in denying his fourth motion for a continuance.\* To prevail, Henderson must show that the district court's denial of the continuance was "unreasoning and arbitrary." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). In this matter, the district court had previously granted Henderson a continuance to facilitate trial preparation and further investigation. Although Henderson had been unsuccessful at locating a witness he considered to be material to his defense, Henderson was unable to identify for the trial court any factors indicating that he would ever locate the witness. Accordingly, the district court did not abuse its discretion in denying the motion to continue.

Henderson also claims that the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. Henderson's appellate brief simply references his post-trial motion filed in the district court. This pleading, in turn, simply recites the claims addressed above. Accordingly, we deny relief on this claim.

Finally, Henderson claims that the district court erred by failing to grant a new trial on the basis of newly discovered evidence pursuant to Fed. R. Crim. P. 33. As we have noted before, any claim of newly discovered evidence "must be, in fact, newly discovered, i.e., discovered since the trial." *United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001). Henderson admits that he was aware of the information regarding alleged juror bias prior to absconding from trial. The evidence on which he relies was thus not newly discovered and cannot form the basis for a new trial. This final claim must be denied.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument

---

\*We note that two of the previous motions to continue were necessitated by changes of defense counsel predicated on conflicts of interest.

would not aid the decisional process.

*AFFIRMED*